SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**In re State Grand Jury Investigation** (A-65-12) (072552)

**Argued March 17, 2014 -- Decided May 22, 2014**

**PER CURIUM**

In this appeal, the Court addresses whether enforcement of grand jury subpoenas seeking defense attorneys' records regarding the defendants' post-indictment activities must await completion of the pending criminal prosecution.

On May 14, 2010, a State Grand Jury returned Indictment 10-05-00057-S (Indictment 10-05-00057-S) charging thirty-four defendants with racketeering, money laundering, falsifying records, failing to file tax returns, failing to pay income taxes, and other related offenses. On May 24, 2010, days after the issuance of that State Grand Jury Indictment, a separate investigation was initiated.

On June 13, 2011, all of the privately retained defense attorneys who represented defendants in connection with Indictment 10-05-00057-S were served with grand jury subpoenas duces tecum, specifically seeking the attorneys' fee records for all payments received between May 15, 2010 – the day after Indictment 10-05-00057-S was returned – and the return date of the subpoena. Six of the subpoenaed attorneys (attorneys) filed a motion to quash the subpoenas, arguing that the subpoenas sought information that could be used improperly in the ongoing trial proceedings, that the subpoenas infringed on their clients' right to counsel by requiring the attorneys to provide evidence against their clients, and that the subpoenas would have a chilling effect on their relationship with their clients. The court denied the attorneys' motion to quash, finding that the subpoenas were part of a separate investigation into acts subsequent to Indictment 10-05-00057-S and that neither the Sixth Amendment nor attorney-client privilege barred the State from subpoenaing client fee records.

The Appellate Division granted the attorneys' motion for leave to appeal, but ultimately affirmed the trial court's denial of the motion to quash. Nonetheless, the panel was concerned that the service of subpoenas on the defendants' attorneys would have a "deleterious inhibiting effect" on the attorney-client relationship, particularly because the State had served subpoenas on all privately retained attorneys rather than using a more tailored approach. To that end, and, in order to balance the parties' interests, the Appellate Division issued, sua sponte, a stay of enforcement of each subpoena until the charges pending against an individual defendant (i.e., an attorney's client) under State Grand Jury Indictment 10-05-00057-S are resolved.

The Court granted the State's motion for leave to appeal from the imposition of the stay. In re State Grand Jury Investigation, 214 N.J. 112 (2013). The attorneys did not file a cross-motion for leave to appeal the Appellate Division's judgment upholding the subpoenas.

**HELD**: The stay of enforcement of each subpoena ordered by the Appellate Division shall continue in effect, provided that the State offers and each defendant executes a statute of limitations tolling agreement. If a defendant fails to execute a tolling agreement within forty-five days of the State's offer, the stay shall be lifted in respect of that defendant.

1. Because the attorneys did not file a cross-motion for leave to appeal the Appellate Division's judgment upholding the subpoenas, the Court does not have before it the merits of the attorneys' original motion to quash. That said, the Court takes note of the fact that the State did not provide any guidelines or factors under which the Attorney General reviews and permits the issuance of State Grand Jury subpoenas to attorneys representing previously indicted defendants. Although the Court is constrained by the current procedural posture from commenting further on the role to be played by guidelines or factors in the review and approval of State Grand Jury subpoenas to attorneys

1

representing previously indicted defendants, the Court acknowledges the importance of such guidelines in the federal criminal justice system. (p. at 8).

2. With regard to the matter before the Court – the Appellate Division's imposition of the stay – the Court accepts the State's representations that it seeks only attorney payment information, not information about the nature of the services provided by the attorneys to their clients, and that the statute of limitations for the matters under investigation is likely to expire before proceedings arising from Indictment 10-05-00057-S are concluded. The Court also accepts the attorneys' representation that, in light of the State's statute of limitations concerns, it would be reasonable to require the indicted defendants to enter into statute of limitations tolling agreements with the State as a condition for sustaining the stay of the subpoenas. (p. at 9).

3. The interest of justice would not be served by a stay that substantially hinders the State's prosecution of the offenses currently under investigation. Therefore, the stay of enforcement of the subpoenas is appropriate only if the State is not harmed by the operation of statute of limitations for offenses being investigated and presented to the State Grand Jury. As such, the stay of enforcement of each subpoena ordered by the Appellate Division shall continue in effect, provided that the State offers and each defendant executes a statute of limitations tolling agreement. If a defendant fails to execute a tolling agreement within forty-five days of the State's offer, the stay shall be lifted in respect of that defendant. (p. at 9).

The judgment of the Appellate Division is **AFFIRMED AS MODIFIED** and the matter is **REMANDED** to the trial court for further proceedings consistent with the Court's opinion.

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion. CHIEF JUSTICE RABNER did not participate.**

IN RE STATE GRAND JURY
INVESTIGATION

Argued March 17, 2014 – Decided May 22, 2014

On appeal from the Superior Court, Appellate
Division.

Frank Muroski, Deputy Attorney General,
argued the cause for appellant State of New
Jersey (John J. Hoffman, Acting Attorney
General, attorney; Mr. Muroski, Mark G.
Eliades, and Christopher S. Romanyshyn, of
counsel and on the briefs).

Vikrant Pawar argued the cause for
respondents John Weichsel, Esq., Robert
Blossner, Esq., Tom Cataldo, Esq., Murray
Richman, Esq., Stacey Richman, Esq., and
Paul Chiaramonte, Esq.

Henry E. Klingeman argued the cause for
amicus curiae The Association of Criminal
Defense Lawyers of New Jersey (Krovatin
Klingeman, attorneys; Mr. Klingeman and
Helen A Nau, on the brief).

PER CURIAM

This unusual matter comes before the Court on leave granted

to the State of New Jersey.  In re State Grand Jury

Investigation, 214 N.J. 112 (2013).  The appeal arises out of a

motion to quash a subpoena duces tecum that had been issued by

1

the State Grand Jury to private criminal defense attorneys for fee records pertaining to "any defendant named within State Grand Jury Indictment 10-05-00057-S," an earlier issued indictment.  The motion to quash was denied and that determination was affirmed on appeal; however, the Appellate Division issued, sua sponte, a stay of enforcement of each subpoena until the charges pending against an individual defendant under State Grand Jury Indictment 10-05-00057-S are resolved.  The State sought review of the Appellate Division's sua sponte action, which impedes law enforcement efforts to proceed with ongoing State Grand Jury work.  We now modify the Appellate Division's judgment.

I.

The history of this appeal reveals protracted proceedings leading up to this Court's review of the stay of the subpoenas. We briefly summarize that history.

On May 14, 2010, a State Grand Jury returned Indictment 10-05-00057-S charging thirty-four defendants, who had been under investigation for involvement in several organized criminal enterprises, with racketeering, money laundering, falsifying records, failing to file tax returns, failing to pay income taxes, and other related offenses.  According to an affidavit filed by the then-Director of the Division of Criminal, Department of Law and Public Safety, "a separate

2

investigation" was initiated on May 24, 2010, days after the issuance of that State Grand Jury Indictment.

On June 13, 2011, all of the privately retained defense attorneys who had represented the defendants in connection with State Grand Jury Indictment 10-05-00057-S were served with grand jury subpoenas duces tecum, seeking the attorneys' fee records for all payments received between May 15, 2010, and the return date of the subpoena. The affidavit of the former Director of the Division of Criminal Justice states that he "authorized the issuance of the State grand jury subpoenas." The subpoenas were addressed to the custodians of records at the attorneys' firms, and all sought the same data:

> [A]ll fee records including but not limited to: (1) Cash Receipt entries; (2) Bank Deposit tickets including the cancelled deposit items; (3) Receipts issued for payments, including cash, check or any other form; (4) Payment ledgers; (5) Retained copies of any checks received and/or currency tendered; (6) Any documents identifying the person making the payment; (7) Currency Transaction Reports; (8) IRS Forms 8300; (9) Records identifying anything of value received in lieu of cash or check and the identity of the person tendering the things of value relative to legal services provided or agreed to be provided . . . .

Six of the subpoenaed attorneys (attorneys) filed a motion to quash the subpoenas. They argued that the subpoenas sought information that could be used improperly in the ongoing trial proceedings, that the subpoenas infringed on their clients'

3

right to counsel by requiring the attorneys to provide evidence against their clients, and that the subpoenas would have a chilling effect on their relationship with their clients.

The motion court refused to quash the subpoenas, finding that the subpoenas were part of a separate investigation of acts subsequent to issuance of State Grand Jury Indictment 10-05-00057-S and that neither the Sixth Amendment nor attorney-client privilege barred the State from subpoenaing client fee records.

On leave granted to the six attorneys, the Appellate Division affirmed the trial court's denial of the motion to quash, concluding that: (1) the State was using the subpoenas properly to investigate separate, post-indictment conduct, and (2) the fee records were not protected by attorney-client privilege. As to the first point, the Appellate Division stated:

> We have little difficulty in agreeing with the Law Division that (1) the May 2010 indictment and (2) the investigation into similar post-indictment conduct of some or all of the indicted defendants represent separate spheres of inquiry authorized to the State. The dominant purpose of the latter line of inquiry -- including the payment of counsel fees as outlined in the challenged subpoenas -- can have no capacity "to buttress an indictment already returned by the grand jury." [State v. Francis, 191 N.J. 571, 591-92 (2007).] The requested materials, by definition, will have their genesis in events that occurred after the

4

May 2010 indictment was issued, and necessarily involve circumstances temporally separate from the subjects of the alleged "predicate criminal activity [that] occurred between in or about January 2005, and in or about April 2010." Obviously, the State cannot be prevented from investigating and later indicting already-indicted individuals if those individuals continue criminal conduct after the indictment. A defendant cannot be immunized from future scrutiny of a similar offense just because he or she has already been charged with the prior misconduct. Nor can the involvement of an attorney -- unwitting or otherwise -- automatically shield possible wrongdoing.

[(second alteration in original).]

As to attorney-client privilege, the appellate panel concluded that,

[b]ased upon the record presented to us, the data sought by the State's subpoenas -- narrowly tailored to non-communicative, non-confidential attributes of the parties' business relationship -- neither invade the attorney client privilege nor erode the protections available to indigent and non-indigent defendants alike.

However, the panel was concerned that the service of subpoenas on the attorneys would have a "deleterious inhibiting effect" on the attorney-client relationship, particularly in this case, in which the State had served subpoenas on all privately retained attorneys rather than using a more tailored approach. The panel found that "[s]uch a cover-the-waterfront inquiry indubitably raises concerns of fairness and the potential for both misunderstanding by, and intimidation of,

5

defense counsel and their clients." Although the panel recognized that "[e]ven when trials are pending, a grand jury's right to unprivileged evidence may outweigh the right of the defense bar and its clients not to be disturbed," the panel found that here "the State's broad-stroke-approach tips the scale in favor of caution in order to ensure that the indicted defendants are not deprived of counsel of their choice." Therefore, "[i]n order to accommodate the disparate interests of the State, the indictees, and their attorneys," the panel imposed a stay on the enforcement of the subpoenas duces tecum issued to the attorneys. The panel ordered that the stay of each subpoena remain in place until the conclusion of proceedings arising from State Grand Jury Indictment 10-05-00057-S against an attorney's client.

This Court granted the State's motion for leave to appeal from the imposition of that stay, which had not been included in the attorneys' request for relief. The attorneys did not file a cross-motion for leave to appeal the Appellate Division's judgment upholding the subpoenas.

## II.

Before this Court, the State argues that the Appellate Division's stay of the execution of the subpoenas "frustrate[s] the public's interest in the fair and expeditious administration of the criminal law" and should not have been imposed based on a

6

finding of potential, as opposed to actual, infringement on the defendants' right to counsel. The State particularly emphasizes its concern that, because the bulk of the pretrial and trial proceedings relating to State Grand Jury Indictment 10-05-00057-S have yet to take place, the stay is likely to allow the statute of limitations on the matters under investigation to run before the subpoenas can be executed. The State also represents that it seeks only attorney payment information and does not and will not seek any detail or information related to the nature or provision of attorney services.

The attorneys argue that this Court should affirm the stay imposed by the Appellate Division because it properly balances the State's need for the information and the indicted defendants' interest in their relationship with their attorneys. The attorneys assert that the State's concerns regarding the operation of the statute of limitations do not require lifting the stay. Rather, the attorneys suggest that those concerns could be addressed through individual statute-of-limitations tolling agreements between the defendants and the State. The attorneys represent that requiring such tolling agreements as a condition of the stay would be reasonable.

Because this case comes before this Court only on the State's motion for leave to appeal the imposition of the stay, the Court does not have before it the merits of the attorneys' original motion to quash. Therefore, the Court lacks the ability to probe the circumstances under which the State has proceeded with these subpoenas duces tecum against defense counsel. We note that we have not been provided with any guidelines or factors under which the Attorney General reviews and permits the issuance of State Grand Jury subpoenas to attorneys representing previously indicted defendants. That said, we are constrained by the procedural posture of this matter from commenting further, at this time, on the role to be played by guidelines or factors in the review and approval of State Grand Jury subpoenas to attorneys representing previously indicted defendants. We are aware nonetheless of the importance of such guidelines in the federal criminal justice system. See, e.g., In re Klein, 776 F.2d 628, 634-35 (7th Cir. 1985) (describing Department of Justice internal guidelines for issuance of subpoenas to attorneys for information related to client representation); In re Grand Jury Subpoena to Attorney (Under Seal), 679 F. Supp. 1403, 1408 nn.15 & 17 (N.D.W. Va. 1988) (quoting full text of federal guidelines and recognizing

"the validity of the serious concerns addressed by the . . . guideline[s] and the appropriateness of the criteria").

As the matter is before us, the State has represented that it seeks only attorney payment information, not information about the nature of the services provided by the attorneys to their clients. The State has also represented that the statute of limitations for the matters under investigation is likely to expire before proceedings arising from State Grand Jury Indictment 10-05-00057-S are concluded. We accept those representations. We similarly note and accept the attorneys' representation that, in light of the State's statute of limitations concerns, it would be reasonable to require the indicted defendants to enter into statute of limitations tolling agreements with the State as a condition for sustaining the stay of the subpoenas. We agree that the interest of justice would not be served by a stay that substantially hindered the State's prosecution of the offenses currently under investigation. Therefore, while the Appellate Division judgment properly sought to balance the interests of the State and the attorneys, we hold that its stay of execution of the subpoenas is appropriate only if the State is not harmed by the operation of statute of limitations for offenses being investigated and presented to the State Grand Jury.

Accordingly, we conclude that the stay ordered by the Appellate Division shall continue in effect, provided that the State offers and each defendant executes a statute of limitations tolling agreement.  However, if a defendant fails to execute a tolling agreement within forty-five days of the State's offer, the stay shall be lifted in respect of that defendant.

## IV.

The judgment of the Appellate Division is affirmed as modified by this decision.  This matter is remanded to the trial court for further proceedings consistent with the implementation of this opinion.

JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion.  CHIEF JUSTICE RABNER did not participate.

10

SUPREME COURT OF NEW JERSEY

NO. _____A-65_____          SEPTEMBER TERM 2012

ON APPEAL FROM _____Appellate Division, Superior Court_____

IN RE STATE GRAND JURY
INVESTIGATION

DECIDED _____May 22, 2014_____

_____Justice LaVecchia_____ PRESIDING

OPINION BY _____Per Curiam_____

CONCURRING/DISSENTING OPINION BY _____

DISSENTING OPINION BY _____

| CHECKLIST | AFFIRM AS MODIFIED/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | --------------------- | --------------------- |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| | 6 | |

1